UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
ALAN PEREIRA,                          :
                                       :
                    Plaintiff,         :
                                       :        25cv5270 (DLC)
          -v-                          :
                                       :        OPINION AND ORDER
MEHLING ORTHOPEDICS LLC, BLUE HORIZON  :
INTERNATIONAL LLC, MEHLING OFFICE      :
MANAGEMENT LLC, BRIAN MEHLING, M.D.,   :
individually, and DOREEN SANTORA,      :
                                       :
                    Defendants.        :
                                       :
---------------------------------------X

APPEARANCES:

For plaintiff:
Gregory W. Kirschenbaum
Phillips & Associates, PLLC
45 Broadway, 28th Floor
New York, NY 10006

For defendants:
Michael S. Horn
Scott A. Sears
Archer & Greiner, P.C.
1211 Avenue of the Americas, Suite 2750
New York, New York 10036

DENISE COTE, District Judge:

     Plaintiff Alan Pereira brings claims of discrimination and
retaliation against his former employers.  The defendants have
moved to dismiss the complaint or, alternatively, for this
action to be transferred to the District of New Jersey pursuant
to 28 U.S.C. § 1404(a).  For the reasons below, this action is
transferred to the District of New Jersey.

## **Background**

The following facts are drawn from the Pereira's pleadings except where noted otherwise.  Beginning in 2013, Pereira was in a long-term relationship with defendant Brian Mehling.  In October 2021, Pereira began working for Mehling's orthopedic trauma practice, Mehling Orthopedics LLC ("Mehling Orthopedics"), as well as Mehling's related business entities Mehling Office Management LLC ("Mehling Office Management") and Blue Horizon International LLC ("Blue Horizon").  Pereira ended his relationship with Mehling in January 2025.  Pereira believes that Mehling retaliated against him for doing that, including by telling Pereira that he would have to bear the tax burden for gifts Mehling had given him.  Mehling also made comments that Pereira believes were intended to pressure him to restart their relationship or threatened to terminate his employment.  After Pereira made requests for paid time off that were denied, he resigned on February 22, 2025.

Pereira now lives in Georgia.  While employed by the defendants he was living in Manhattan, and beginning in 2022 he mostly worked remotely from his home.  The three corporate defendants share the same principle place of business, which is in Hacksensack, New Jersey.  Pereira alleges that Mehling owns an apartment in Manhattan and is a New York resident, but Mehling has represented that he is a New Jersey resident.

Doreen Santora, a New Jersey resident, is the CEO of Mehling Orthopedics and Blue Horizon.

Pereira filed this action on June 24, 2025 against Mehling Orthopedics, Mehling Office Management, Blue Horizon, Mehling, and Santora.  Pereira brings claims under New York and New Jersey law, primarily alleging employment discrimination and retaliation.  On August 29, the defendants filed a motion seeking, inter alia, to dismiss the complaint on multiple grounds or transfer this action to the District of New Jersey. The plaintiff filed an amended complaint on September 19.

The defendants filed a renewed motion on October 3.  As in their original motion, the defendants seek dismissal on several grounds:  lack of personal jurisdiction, pursuant to Rule 12(b)(2); the doctrine of forum non conveniens; impermissible group pleading in violation of Rule 8(a); and failure to state a claim, pursuant to Rule 12(b)(6).  In the alternative, the defendants request transfer to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).  The motion is accompanied by declarations by Mehling and Santora.  The plaintiff filed an opposition on October 17.  On October 24, the defendants filed a reply accompanied by another declaration by Mehling.

## Discussion

The appropriate course is to transfer this action to the District of New Jersey. It is thus unnecessary to address the defendants' arguments for dismissal.

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statute thus sets out a two-step inquiry. The movant must first establish that the action "might have been brought" in the proposed transferee district. If this prerequisite is established, the Court balances considerations of convenience and the interests of justice. Courts consider, among other factors,

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

Corley v. United States, 11 F.4th 79, 89 (2d Cir. 2021) (citation omitted). The movant bears the burden of establishing, by clear and convincing evidence, that transfer is warranted. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 113-14 (2d Cir. 2010).

With respect to the first factor, the degree of deference given to a plaintiff's choice of forum "moves on a sliding scale depending on the degree of convenience reflected by the choice in a given case." Norex Petroleum Ltd. v. Access Indus., Inc., 416 F.3d 146, 154 (2d Cir. 2005) (citation omitted) (forum non conveniens). More deference is given when it appears that the plaintiff's choice of forum is motivated by "the plaintiff's or the lawsuit's bona fide connection" to the forum and "considerations of convenience," which are "reasons that the law recognizes as valid"; less deference is given when it appears that the plaintiff's choice of forum was motivated by "forum-shopping reasons." Id. (quoting Iragorri v. United Techs. Corp., 274 F.3d 65, 71-72 (2d Cir. 2001)).

The parties do not dispute that this action could have been brought in the District of New Jersey. Considerations of convenience and the interests of justice also favor transfer.

The plaintiff's choice of forum is entitled to little deference here. Although the plaintiff has alleged that he lived in Manhattan and often worked from home while employed by the defendants, he now lives in Georgia. Meanwhile, the defendants are based in New Jersey, and that is where the plaintiff was employed. The plaintiff's choice to proceed here rather than in New Jersey does not appear to have been motivated by convenience.

Other factors weigh in favor of transfer.  New Jersey is where the plaintiff was employed, where the defendants are based, and where the alleged harm was inflicted.  New Jersey is thus the locus of operative facts, the more convenient forum for the parties, and where depositions are most likely to take place.

To be sure, the plaintiff has also alleged that Mehling owns an apartment in Manhattan and that Mehling Orthopedics has a second location in Long Island.  Meanwhile, Mehling has stated in his declaration that he is a New Jersey resident and Mehling Orthopedics does not treat patients at the Long Island location. It is unnecessary to address these considerations because they are of secondary significance and cannot tip any of the relevant factors in the plaintiff's favor.

### Conclusion

The Clerk of Court shall transfer this action to the United States District Court for the District of New Jersey.

Dated:    New York, New York
          November 4, 2025

_____
DENISE COTE
United States District Judge

6